IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD BRIDGES, | : | No. 3:10cv1065 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MARK O'HEARN (Individually | : | |
| and as a Police Officer for | : | |
| Ashland Borough), | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition are motions in limine filed by both Plaintiff Leonard Bridges and Defendant Mark O'Hearn. The motions are fully briefed and ripe for disposition.

**Background**

Plaintiff suffers from an array of medical problems and is totally disabled due to diabetes, heart problems, end stage renal disease and kidney failure. (Doc. 30-3, Pl. Dep. at 41-42). He and his fiancee, Laurie Grose, have leased and lived in the same residence since July 2008. (Doc. 29, Def. Stmt. of Mat. Facts ("SOF") ¶ 4).[1] Grose works as an in-home caretaker for plaintiff through the Anthracite Regional Center for Independent Living, an area independent living company. (Id. ¶ 5).

On September 30, 2009, a dispute arose between Grose and

---

[1] For this brief factual background section, we will cite to the defendant's statement of material facts as to which no genuine issue remains to be tried. (Doc. 29). The facts which we cite to are generally admitted by the plaintiff. (See Doc. 31, Pl.'s Ans. to SOF).

plaintiff.  (Id. ¶¶ 7-9).  Grose called 911 to report that plaintiff had a sledgehammer and a butcher knife and that he was going to damage her car and smash her toes.  (Id. ¶ 15).  Defendant Mark O'Hearn, a patrolman with the Ashland Borough Police Department, reported to the residence. (Id. ¶ 16).  When he arrived, O'Hearn drew his service weapon and ordered plaintiff to lay face down on the ground and relinquish the sledgehammer and butcher knife.  (Id. ¶ 18).  O'Hearn arrested plaintiff. Grose told O'Hearn that plaintiff's left arm had restrictive movement; thus, O'Hearn handcuffed plaintiff in front with two sets of handcuffs linked together instead of cuffing him behind his back with one set of handcuffs. (Id. ¶ 19).  After the police arrested and processed plaintiff, they allowed him to return to Grose.  (O'Hearn Dep. at 29).

On the next day, plaintiff and Grose had another dispute.  (SOF ¶ 22).  Plaintiff struck Grose in the hip and leg area with a metal cane.  (Id. ¶ ¶ 23-25).  Then plaintiff himself called the police.  (Id. ¶ 26).  When the police arrived, Hearn proceeded to plaintiff's bedroom where he was receiving kidney dialysis.  (O'Hearn Dep. at 49).   Plaintiff had not taken his prescribed anti-depressant medication on that day or the day before.  (SOF ¶ 32).  He screamed at O'Hearn and Grose who repeatedly asked him to calm down.  (Id. ¶ 35).   The parties dispute what happened next. Defendants claim that plaintiff swung his fist at Defendant O'Hearn.  (SOF ¶ 38).  Plaintiff claims that he never attacked O'Hearn and that such an act would have been impossible while he was hooked to the dialysis machine. (Pl. Cntrstmt. of Mat. Facts ("CSOF") ¶ 39).   Defendants indicate that O'Hearn then informed plaintiff the he was under arrest and injured his arm will trying to handcuff him.  (SOF ¶¶ 40-41).  Plaintiff maintains that

2

O'Hearn never advised plaintiff that he was under arrest and never tried to handcuff him. (CSOF ¶ 39). Rather, according to plaintiff, O'Hearn grabbed him from behind and twisted his arm up behind his head until the arm bones snapped and cracked. (Id.)  Plaintiff asserts that O'Hearn intentionally broke his arm. (Id. ¶ 40).

Based upon these facts, the plaintiff instituted the instant case by filing a complaint on May 19, 2010. (Doc. 1). Plaintiff filed an amended complaint on July 21, 2010, which asserts three causes of action. (Doc. 6). Count 1 is brought pursuant to 42 U.S.C. § 1983 and for violation of the plaintiff's Fourth Amendment rights. (Doc. 6). He asserts that the excessive and unreasonable force used by Defendant O'Hearn constituted an unreasonable search and seizure. Count II asserts a state law cause of action for assault and Count III alleges a state law cause of action for battery. Plaintiff seeks compensatory damages and attorneys' fees. He also seeks punitive damages on Counts II and III.

The court granted summary judgment to the Ashland Borough, and scheduled a pretrial conference. In advance of the pretrial conference, both parties filed motions in limine. The motions have been fully briefed, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We  have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

Both parties seek to preclusion of certain evidence. Generally, "[a]ll relevant evidence is admissible" except as otherwise provided by law. Fed. R. Evid. 402. "Evidence which is not relevant is not admissible." Id. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

We will discuss the motion filed by plaintiff and the motion filed by the defendant separately.

### I. Plaintiff's motion in limine

Plaintiff's motion in limine raises ten issues, discussed *in seriatim* as follows:

#### 1. Settlement demand/offer

Plaintiff seeks to preclude evidence of any settlement demand and/or offers made either prior to or during the trial. Rule 408 of the Federal Rules of Evidence provides that such evidence is not admissible "when offered to prove liability for, invalidity of, or amount of a claim that was dispute as to validity or amount, or to impeach through a prior inconsistent statement or contradiction[.]"

Defendant agrees that such evidence is sometimes inadmissible. However, defendant argues that the evidence may be used for purposes that are not prohibited. For example it may be presented to "prov[e] a

4

witness's bias or prejudice; [or] negat[e] a contention of undue delay[.]" FED. R. EVID. 408(b).  Thus defendant argues it is premature to preclude the evidence.  Defendant argues that the court should wait until trial and determine at that time if the evidence is presented for a proper purpose or not.

We will grant the plaintiff's motion.  Such evidence is generally not admissible, and defendant has made no argument regarding why it should be admissible in the instant case.  At this stage of the proceedings, merely weeks before trial, the defendant should know what evidence it seeks to admit and the purpose for admitting the evidence.  We will not deny the motion simply on the basis that it may for some vague reason be admissible at the time of trial.

### 2. Punitive damages

Plaintiff seeks to preclude any argument that he must prove that the defendant acted "intentionally" or with "evil motive" to establish punitive damages.  Defendant argues that these are elements of the punitive standard in Pennsylvania and plaintiff's motion should be denied.

The plaintiff's motion will be denied.  The court will instruct the jury on the law of punitive damages pursuant to the Third Circuit Court of Appeals standard jury instruction with regard to punitive damages and section 1983.  This model charge provides as follows:

> In addition to compensatory or nominal damages, you may consider awarding [plaintiff] punitive damages.  A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. [Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.]

5

> You may only award punitive damages if you find that [defendant] [a particular defendant] acted maliciously or wantonly in violating [plaintiff's] federally protected rights. [In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.]
> - A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when [he/she] consciously desires to violate federal rights of which [he/she] is aware, or when [he/she] consciously desires to injure the plaintiff in a manner [he/she] knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.
> - A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

Model Civil Jury Instruction (3d Cir.) 4.8.3.

To the extent that this charge indicates "intent" or "evil motive" is part of a punitive damages claim, the jury will be so instructed. Plaintiff's motion will be denied.

### 3. Expert's fees in previous cases

Plaintiff seeks to preclude defendant from questioning plaintiff's experts regarding fees that they have received in previous cases. Plaintiff argues that the Third Circuit Court of Appeals has held that such evidence is improper. Defendant argues that such evidence is proper to establish a bias on the part of the witness.

In support of his position, plaintiff cites to United States v. 412.93 Acres of Land, 455 F.2d 1242, 1247 (3d Cir. 1972). A review of this case reveals, however, that the court did not create a general prohibition on such evidence. It merely noted that the court which precluded the evidence in that case did not abuse its discretion. Id.

In the instant case, we agree with the defendant that the fees that the

experts receive may be relevant to establish bias and may affect the manner in which the jury views the witnesses's credibility.  The probative value of this information is not substantially outweighed by its prejudicial effect.  See FED. R. EVID. 403.  Therefore, we will deny the plaintiff's motion in limine.  We will, however, limit the defendant from asking questions about payment received by the experts over one year ago.  In other words, defendant may ask about payment received by the expert, but only for the past year.

### 4. "Sledgehammer"

In this case, a hammer was taken into custody with which the plaintiff had evidently been threatening someone.  Plaintiff seeks to preclude the defendant from referring to the hammer as a "sledgehammer."  Defendant argues that the hammer is accurately described as a "sledgehammer."  Two witnesses have described it as a "sledgehammer" and four (4) pound double faced hammers, such as the one at issue, are commonly referred to as "sledgehammers" according to the defendant.

Plaintiff's motion is denied.  The probative value of callint it a "sledgehammer" is not substantially outweighted by the prejudicial effect.  See FED. R. EVID. 403.  The hammer has been referred to in the record as a "sledgehammer" and we will not preclude the defendant from continuing with that terminology.  Plaintiff, is however, free to present evidence that the hammer is not in fact a "sledgehammer."

### 5. Deborah Geist and/or incident between Plaintiff, Laurie Grose and Geist

A year after the incident at issue here, plaintiff was arrested for an incident involving Deborah Geist. Plaintiff seeks to preclude this evidence

as irrelevant as all the charges were dropped.  Plaintiff further argues that evidence of this second incident would be confusing to the jury.

Defendant argues that it is premature to address this issue.  The evidence may be relevant depending on how the evidence develops at trial.  Therefore, it should be denied and any objections reserved for trial.

We will grant the plaintiff's motion.  It appears to be irrelevant to the case, and injecting a second, unrelated, incident into the trial will be confusing to the jury.

### 6. Plaintiff not taking his medicine

At plaintiff's deposition, defense counsel asked him if he had taken his medication on the day in question.  This information is irrelevant to the case at hand according to the plaintiff and should be precluded.

Defendant's position is that plaintiff suffered from a number of mental conditions at the time of the incident for which he was prescribed medicine.  Whether plaintiff was taking his medications or not directly implicates his condition as well as his ability to perceive and subsequently recall the events that took place.

This issue is related to number 7 below, and we will discuss them both together after a brief explanation of number 7.

### 7. Bipolar disorder

Plaintiff seeks to prevent defendant from presenting evidence that he (plaintiff) suffers from bipolar disorder.   First, he claims that he does not suffer from said disorder, and second, it would be irrelevant if he did.

Defendant's position is that plaintiff's mental health at the time of the incident is relevant to his credibility as a witness.  Plaintiff testified that for days around the events at issue he did not take his medicine and was

acting erratically.

We find that plaintiff's mental health and whether he had taken his medication on the day in question are important facts underlying the series of events that led to the instant complaint. Therefore, we will not preclude the defendant from entering these facts into evidence.

### 8. Plaintiff's prior marijuana use

It was evidently revealed during discovery that plaintiff has used marijuana, but has not smoked it since 2005. Plaintiff seeks to preclude evidence of this marijuana use as irrelevant and immaterial.

Defendant argues that the marijuana use might be used to attack plaintiff's credibility or for some other admissible purpose. Therefore it is premature to make a determination of this issue and it should be denied with any objection to reference to prior drug use reserved for trial.

We will grant plaintiff's motion. Defendant has presented no valid reason for allowing evidence of the marijuana use and the evidence would be highly prejudicial.

### 9. Plaintiff's Hepatitis C infection

Plaintiff has been diagnosed with hepatitis C. He seeks to preclude evidence of this diagnosis from trial on the basis that it is irrelevant and prejudicial. Defendant argues that the evidence might be relevant and therefore the court should deny the motion in limine. Defendant presents no argument as to how this evidence is relevant. Therefore plaintiff's motion will be granted.

### 10. Plaintiff's prior history of anger management and/or mental health counseling

Plaintiff anticipates that defendant will refer to plaintiff's prior anger

management treatment and/or mental health treatment.  This information is irrelevant, confusing and prejudicial according to the plaintiff.

Defendant argues that plaintiff's inability to control his anger affects his ability to accurately perceive and remember incidents.  It thus affects his credibility.

We agree with the plaintiff.  Without any evidence that plaintiff's prior history of anger management and/or mental health counseling had some effect on the events of the day in question, it is irrelevant to the case at hand.  Plaintiff's motion will be granted.

## II. Defendant's motion in limine

Defendant anticipates that plaintiff will attempt to present evidence of plaintiff's claims against Ashland Borough, which have been dismissed.  Such evidence is of no legitimate probative value and is thus irrelevant.

Plaintiff indicates that the motion is broad and vague.  Regardless, evidence relating to Ashland and O'Hearn's employment is relevant.  His training, experience and responsibilities as a police officer for Ashland are relevant as they pertain to the actions he took against plaintiff.

Defendant's motion in limine will be granted to the extent that it seeks to preclude plaintiff from presenting evidence that plaintiff had claims against Ashland, and those claims have been dismissed.  Such evidence is not relevant with regard to whether the defendant should be held liable.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARD BRIDGES,** : | No. 3:10cv1065 |
|         **Plaintiff** : | |
| : | (Judge Munley) |
|       **v.** : | |
| : | |
| **MARK O'HEARN (Individually** : | |
| **and as a Police Officer for** : | |
| **Ashland Borough),** : | |
|         **Defendant** : | |

## ORDER

**AND NOW**, to wit, this 20th day of January 2012, it is hereby **ORDERED**:

1) Plaintiff's motion in limine (Doc. 38) is ruled upon as follows:

   a. As it pertains to settlement offers/negotiations, plaintiff's motion is **GRANTED** and that evidence is precluded from trial;

   b. As it pertains to punitive damages, plaintiff's motion is **DENIED**, the court will instruct the jury using the Third Circuit Model Jury Instruction charge;

   c. With regard to plaintiff's expert fees in previous cases, the plaintiff's motion is **DENIED**. Defendant, however, is limited to asking questions about expert fees only for the past year;

   d. With regard to referring to the hammer at issue as a "sledgehammer," the motion is **DENIED**. Plaintiff is, however, allowed to present evidence, including the hammer itself, and argument to the jury that it is not a "sledgehammer";

 e.  With regard to reference to Deborah Geist and/or any incidents that may have taken place between the plaintiff, Laurie Grose and/or Deborah Geist, the motion is **GRANTED** and the evidence is precluded;

 f.  With regard to whether plaintiff took his medications on October 1, 2009, the motion is **DENIED**;

 g.  With regard to whether plaintiff was diagnosed with bipolar disorder, the motion is **DENIED**;

 h.  With regard to plaintiff's marijuana use, the motion is **GRANTED**, and defendant is precluded from discussing this issue at trial;

 i. With regard to plaintiff's hepatitis C infection, the motion is **GRANTED**; and

 j.  With regard to plaintiff's prior history of anger management and/or mental health counseling, the plaintiff's motion is **GRANTED** except to the extent that it may be necessary to discuss with regard to the medications/ailments plaintiff suffered from on the day in question.

 2) Defendant's motion in limine (Doc. 36) is **GRANTED** to the extent that it seeks to preclude plaintiff from mentioning that claims previously made against Ashland Borough have been dismissed.   The motion is **DENIED** in all other respects.

           **BY THE COURT:**

           **s/ James M. Munley**
           **JUDGE JAMES M. MUNLEY**
           **United States District Court**